IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMY CHAD BRAUN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-066-M-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Jeremy Chad Braun ("Braun"). For the following reasons, Braun's habeas application should be DENIED.

### I.     PROCEDURAL HISTORY

Petitioner is serving a sentence of seventy years' imprisonment following his conviction under Case No.69,063-B in the 181st District Court, Potter County, Texas, for possession of a controlled substance (methamphetamine) with intent to deliver, in an amount greater than 4 grams, but less than 200 grams, in a drug-free zone (within 1000 feet of a playground), enhanced by a prior felony offense of criminal mischief. (ECF 9-58 at 19–20). He is also serving a sentence of ten years' imprisonment following his conviction under Case No. 69,062-B in the 181st District Court, Potter County, Texas, for possessing a firearm as a felon within five years of his previous conviction for theft. (ECF 9-52 at 15–16). His convictions were affirmed on appeal. *Braun v. State*, Nos. 07-15-00351-CR & 07-15-00352-CR, 2017 WL 3611705 (Tex. App.—Amarillo Aug. 11, 2017, pet ref'd). The Court of Criminal Appeals of Texas refused his petition for discretionary

review. *Id.*

On May 25, 2020, Braun signed his state applications for writ of habeas corpus. (ECF 9-52 at 58; ECF 9-58 at 52). On February 10, 2021, the Court of Criminal Appeals denied the applications without written order on findings of the trial court without hearing and on the Court's own independent review of the record. (ECF 9-45; ECF 9-55).

On March 22, 2021, Braun signed his federal application for writ of habeas corpus, which was file-stamped on April 12, 2021. (ECF 3 at 20, 1).

## II.     PETITIONER'S ALLEGATIONS

Braun urges five grounds in support of his application, summarized as follows:

**GROUND ONE:** The evidence was legally insufficient to support Braun's conviction for possession of a controlled substance in a drug-free zone, because the playground at issue did not have three separate play stations to meet the statutory requirement.

**GROUND TWO:** Braun's counsel was ineffective in failing to retain a civil engineer or licensed surveyor to measure the distance from the place where the drugs were found to the playground.

**GROUND THREE:** Braun's counsel was ineffective in failing to challenge witness Worley's qualifications and methods of determining that the drugs were found in a drug-free zone.

**GROUND FOUR:** Braun's counsel was ineffective in failing to challenge the mandated hearing requiring nine grand jurors to witness the presentment of the indictments.

**GROUND FIVE:** Braun's counsel was ineffective on appeal in failing to argue that the sentences were grossly disproportionate to the gravity of the offenses.

(ECF 3 at 7–17[1]).

---

[1] The page reference is to "Page __ of 22" assigned by the Court's electronic filing system and found at the top right portion of the document.

### III.     STANDARDS OF REVIEW

A.     Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such

ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

    **B.**    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and

§ 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Braun raised the issue of insufficiency of the evidence on appeal. The appellate court recited the pertinent background as follows:

> Based on a tip, officers of the Amarillo Police Department went to Appellant's residence at 1604 Martin Road to conduct a "knock and talk." Appellant answered the door and after a short conversation, he gave officers consent to search for narcotics. Officers found a tubular device with two cellophane bags containing a crystal-like substance that later proved to be a total of 25.54 grams of methamphetamine. Appellant was placed under arrest and given his *Miranda* warnings. At the same time, officers found approximately $1,353 in Appellant's wallet.
>
> At trial, Officer Brandon Worley testified that 1604 Martin Road was in the vicinity of a children's playground area. According to his testimony, the playground equipment consisted of a "jungle gym" with "multiple slides, monkey bars." Specifically, the equipment included "[a]t least two slides, monkey bars" a "rotating tic-tac-toe device," "two swing sets," and a "fireman pole," all contained within a "little curb of concrete." Officer Worley further testified that the playground equipment was located within a public park, approximately 962 feet from the residence located at 1604 Martin Road.

*Braun*, 2017 WL 3611705, at *1. The appellate court concluded that Braun had failed to meet his burden of showing that the evidence was insufficient to establish that the area described did not meet the statutory definition of a playground. *Id.* at *2.

In reviewing this ground, the Court considers whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The inquiry is conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000) (quoting *Jackson*, 443 U.S. at 324 n.16). The Court may not reweigh the evidence; all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994).

In this case, sufficiency of the evidence was the sole ground raised on appeal. *Braun*, 2017 WL 3611705. The appellate court applied the *Jackson* standard and determined that the evidence was sufficient to support the jury's verdict. *Id.* As this was the last reasoned opinion on the matter, the Court considers whether the determination was contrary to, or an unreasonable application of, federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In addition, the Court considers whether the opinion amounted to an unreasonable determination of facts in light of the record. *Id.* Having made that assessment, the Court cannot find that Braun has met his burden under § 2254(d). The evidence supports the jury's verdict despite his disagreement with it.

In his remaining grounds, Braun attacks the sufficiency of counsel's representation. None of his contentions has merit.

First, Braun asserts that his counsel was ineffective in failing to retain a civil engineer or licensed surveyor to prove that the location of the drugs fell outside 1,000 feet of the playground. (ECF 3 at 7, 10–12). Second, he asserts that counsel was ineffective in failing to challenge Worley's qualifications and methods of measuring the distance between the drugs and the playground. (*Id.* at 13–15). The gist of his reply is that counsel could not have measured the

distance himself, because he would have agreed with Braun that it was more than 1,000 feet. Further, had counsel measured the distance, he would surely have disclosed his measurements. (ECF 13). Braun's speculation, however, is not enough to entitle him to relief here. The decision not to hire an expert falls within the realm of trial strategy. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). By denying habeas relief on this ground, the state court necessarily accepted counsel's explanations for why he did not hire an expert or attack Worley's calculations and rejected Braun's allegations. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Braun has not shown that the state court's application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101, 105.

Braun next complains that counsel was ineffective in failing to object to the indictments. (ECF 3 at 13, 15–16). He argues that there is no record reflecting that a hearing in open court took place "to prove nine grand jurors ever witnessed the foreperson signing the indictments and delivering them to the court." *Id.* at 15. He fails to cite any authority that "record proof" is required in the files pertaining to his particular cases, much less that reversal of his convictions in the absence of such proof is mandated. In any event, Braun's counsel testified that there was no evidence to indicate any irregularities in the grand jury proceedings or any strategic benefit to challenging such proceedings. (ECF 9-57 at 19). In denying Braun's claim, the state habeas court necessarily accepted counsel's testimony. Braun has not shown that the state court's rejection of this claim was unreasonable; nor has he overcome the doubly deferential assumption in favor of the state court's denial of the claim. *Richter*, 562 U.S. at 105.

Finally, Braun alleges that his counsel was ineffective in failing to object to his sentences as being grossly disproportionate to the gravity of the offenses. (ECF 3 at 16–17). Again, the state habeas court accepted counsel's representation that he did not see any merit in contesting the

sentences. (ECF 9-57 at 10). Counsel was not required to make unmeritorious objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Moreover, counsel is not required to raise every nonfrivolous ground of appeal available. *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013). Because counsel filed a merits brief, Braun must show that a particular nonfrivolous issue was clearly stronger than the appellate issue counsel did present. *Id.* He must overcome the strong presumption that counsel's choice of the issues presented was a matter of tactics rather than sheer neglect. *Id.* To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). And, Braun must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 694). This he has not done. He certainly has not shown that the state court's assessment of his claims was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

## V.   RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, Jeremy Chad Braun, be DENIED.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).